# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TILLIE A. SMITH,<br>    Plaintiff,<br><br>v.<br><br>CRACKER BARREL OLD COUNTRY<br>STORE, INC.,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:14-CV-123-JTM-PRC<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Vacate Order Terminating Magistrate Referral and Request to Re-Open Discovery [DE 27] and Plaintiff's Motion to Compel Complete Responses to Oral and Written Discovery [DE 25], both filed by Plaintiff Tillie A. Smith on October 19, 2015.

On June 26, 2014, the Court issued a Scheduling Order, setting the discovery deadline for February 27, 2015. On December 19, 2014, the Court granted a joint motion to extend deadlines, extending the discovery deadline to April 27, 2015. On February 18, 2015, the Court granted a second joint motion, extending the deadline for Plaintiff's expert witness disclosures and reports to April 30, 2015, the deadline for Defendant's expert witness disclosures and reports to June 15, 2015, and the deadline to complete all discovery, including expert discovery, to July 15, 2015. Plaintiff timely disclosed her expert witness report on April 28, 2015.

On July 10, 2015, Defendant filed a Motion for Extension of Time to Complete Discovery, indicating that Defendant needed additional time to depose Plaintiff and retain an expert. Once the motion was fully briefed, the Court granted in part and denied in part Defendant's motion on July 23, 2015, denying the request to extend Defendant's expert disclosure deadline but extending the discovery deadline to September 18, 2015, solely for the purpose of Defendant taking Plaintiff's

deposition, Plaintiff obtaining clarification of Defendant's written discovery responses, and Plaintiff taking depositions as determined to be necessary once Defendant's discovery responses had been supplemented. The Court denied Defendant's request to extend its expert disclosure deadline because Defendant made the request almost a month after Defendant's deadline expired on June 15, 2015, and because Defendant did not meet its burden of showing either good cause for the extension of time or excusable neglect for the failure to act by the original deadline. *See* (Docket entry 23, p. 2) (citing Fed. R. Civ. P. 6(b)(1)(b); *Pioneer Investment Servs., Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

On September 21, 2015, the referral to the magistrate judge was terminated because discovery had closed. On September 24, 2015, Judge James T. Moody set the dispositive motion deadline for November 20, 2015. On October 19, 2015, Plaintiff filed the instant motions. On November 12, 2015, the Court granted Defendant's request to vacate the dispositive motion deadline, to be reset following a ruling on these motions.

In the Motion to Reopen Discovery, Plaintiff asks the Court to reopen discovery for the purpose of allowing her to complete necessary discovery. In the Motion to Compel, Plaintiff clarifies that she is seeking complete discovery responses from Defendant to Plaintiff's initial and supplemental written discovery requests and asking that Defendant produce additional witnesses for depositions.

As an initial matter, Plaintiff states in the Motion to Reopen Discovery that, in the July 23, 2015 Order, the Court "ordered" Defendant "to supplement discovery answers and to respond to Plaintiff's multiple requests for depositions." (Docket entry 27, p. 3). This is false and a material misrepresentation of the Court's ruling. The July 10, 2015 motion was filed by Defendant. At no time prior to the filing of the instant motions has the Court issued an order addressing the sufficiency

of Defendant's responses to Plaintiff's discovery requests or to Plaintiff's attempts to schedule depositions. The Court's July 23, 2015 Order did nothing more than extend the discovery deadline "for the purpose of Plaintiff obtaining clarification of Defendant's written discovery responses, of Defendant taking Plaintiff's deposition, and Plaintiff taking depositions as determined once Defendant's discovery responses have been supplemented." (Docket entry 23, p. 30).

Plaintiff's Motion to Reopen Discovery is untimely, having been filed a month after the close of discovery without good cause or excusable neglect shown. A Court's scheduling order can only be modified on a showing of good cause and with the Court's consent. *See* Fed. R. Civ. P. 16(b)(4). Moreover, Federal Rule of Civil Procedure 6(b) requires that a party seeking to extend a deadline must show excusable neglect when the request is made after the expiration of the deadline. *See* Fed. R. Civ. P. 6(b)(1)(B). Under *Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), the test as to what constitutes excusable neglect is an "equitable one," taking into account "all relevant circumstances surrounding the party's omission." In making the equitable determination, the Court considers "the danger of prejudice [to the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

All of the information that forms the basis of the Motion to Reopen Discovery and the Motion to Compel was known to Plaintiff prior to the close of discovery on September 18, 2015. For example, according to Plaintiff, some additional discovery is required because of information Plaintiff learned during the depositions taken on September 9 and 10, 2015. Yet, those depositions occurred over a week before the close of discovery, and no motion was filed. Plaintiff also knew by September 10, 2015, that some of the depositions had not been scheduled and that the depositions

of Margaret Johnson and Thomas Skrowronski had been cancelled at the last minute by Defendant. As for the Defendant's written discovery responses, Plaintiff knew well before those depositions were taken that she still had not received all of the clarification she sought regarding Defendant's written discovery responses–clarification that she had been seeking prior to her July 17, 2015 response to Defendant's motion to extend discovery. Nevertheless, Plaintiff filed neither a Motion to Compel nor a Motion for Extension of Time prior to the September 18, 2015 discovery deadline.

The Court's July 23, 2015 Order extended the discovery deadline in large part to allow Plaintiff to conduct this very discovery. Thus, Plaintiff knew that she needed to obtain the clarification well before the discovery deadline. This is not an instance in which Defendant provided no discovery responses; rather, Defendant raised objections to which Plaintiff does not agree. Through various conferences and correspondence, Plaintiff sought and received (some) further explanation of Defendant's responses. While the Court appreciates Plaintiff's ongoing efforts during discovery to confer with Defendant to resolve the discovery disputes without resort to Court assistance, it is nevertheless Plaintiff's responsibility to timely file any necessary motion to compel in the event of unsuccessful negotiations. Plaintiff did not file her Motion to Compel until over a month after the close of discovery, rendering the motion to compel untimely, as discussed more fully below.

Plaintiff has not identified any events that occurred after the September 10, 2015 depositions that would demonstrate good cause for the extension or excusable neglect for the late filing. Plaintiff attempts to meet her burden by suggesting that Defendant caused the delay over the course of many months beginning in Spring 2015, through the scheduling of the depositions, and including the cancellations on the eve of depositions. In addition, Plaintiff explains that, following the completion of the depositions on September 10, 2015, counsel for the parties discussed staying discovery until

settlement could be considered by way of mediation. Counsel for Plaintiff represents that he acknowledged the possibility but raised concerns about outstanding discovery and deadlines, suggesting expedited mediation within 14 days. Plaintiff represents that, when Defendant indicated that the mediation could not proceed within 30 days because of corporate counsel's availability, Plaintiff asked that Defendant's representatives be contacted immediately to expedite mediation. Plaintiff did not receive any further communication from Defendant. Thus, Plaintiff argues that Defendant attempted to thwart Plaintiff's ability to complete discovery.

Plaintiff's failure to offer any time line or dates for these post-deposition discussions renders them meaningless for purposes of explaining Plaintiff's delay. In fact, Plaintiff's reply brief to the Motion to Compel suggests that the communications all occurred prior to the close of discovery: "Due to the prior delays, and the *upcoming discovery deadlines*, Plaintiff was unable to agree to stay discovery and requested an expedited response. Defense counsel never responded on any issue." (Docket entry 35, p. 3) (emphasis added). Moreover, Plaintiff does not explain why she did not file a motion to extend time prior to the expiration of the discovery deadline notwithstanding those discussions and while awaiting Defendant's response. The parties' discussion regarding settlement does not constitute good cause or excusable neglect for the untimely motions. Moreover, Defendant represents that defense counsel offered to reschedule the depositions of Margaret Johnson and Thomas Skrowronski but that Plaintiff never contacted Defendant to reschedule the depositions.

Plaintiff also attempts to meet her burden by suggesting in her reply in support of the Motion to Compel that she could not timely file the motions because she did not receive the transcripts of the deposition of Oskam until September 29, 2015. However, Plaintiff's attorney conducted Oskam's deposition. Any information Oskam may have "first" revealed was revealed on September 10, 2015 at his deposition, not on September 29, 2015 when the transcript was received by counsel.

5

*See* (Docket entry 35, p. 4). Moreover, even if Plaintiff's counsel discovered information upon reviewing the transcript that was not noted during the deposition, Plaintiff has not explained why she waited until October 19, 2015 to file the motions. Nor has Plaintiff explained why she did not file, prior to the close of discovery, a motion for extension of time to file a Motion to Compel on the basis that her counsel's schedule could not timely accommodate the task, as also suggested in the reply brief, or because she required the deposition transcripts to support the motion. The receipt of the deposition transcript and counsel's schedule, under these circumstances, do not constitute good cause or excusable neglect for the late filing of the motions.

Nevertheless, Defendant indicates in response to the Motion to Reopen Discovery that Defendant remains unopposed to the rescheduling of the depositions of Margaret Johnson and Thomas Skrowronski that were noticed by Plaintiff but that Defendant cancelled on the eve of the depositions. In addition, Defendant represents that it does not object to Plaintiff taking a Rule 30(b)(6) deposition on the limited topics of the Merrillville store or corporate policies prohibiting discrimination or harassment, dissemination of or training on such policies, or corporate record keeping practices relating to such policies. Defendant previously objected to the scope of a Rule 30(b)(6) deposition on the handling of other harassment or discrimination claims outside the Merrillville store involving individuals not involved with Plaintiff's claim, and Plaintiff did not file a timely Motion to Compel, as discussed below. Therefore, any argument Plaintiff makes in the Motion to Compel as to the scope of this proffered Rule 30(b)(6) deposition is untimely.

Accordingly, the Court grants in part and denies in part the Motion to Extend Discovery, reopening discovery for the limited purpose of Plaintiff taking the depositions of Margaret Johnson and Thomas Skrowronski and taking a limited Rule 30(b)(6) deposition on the limited topics of the

Merrillville store or corporate policies prohibiting discrimination or harassment, dissemination of or training on such policies, or corporate record keeping practices relating to such policies.

As for the Motion to Compel, it is denied as untimely. As discussed above, discovery closed on September 18, 2015, after being extended for a third time on July 23, 2015, on *Defendant*'s motion. Plaintiff did not file the instant Motion to Compel until October 19, 2015. Motions to compel filed after the close of discovery are generally deemed to be untimely. *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-CV-1598, 2014 WL 585406, at *1 (S.D. Ind. Feb. 14, 2014) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000)); *Knight v. Illinois Dep't of Nat. Res.*, No. 11-CV-2071, 2014 WL 1282554, at *4 (C.D. Ill. Mar. 31, 2014) (citing *Medicines Co. v. Mylan, Inc.*, 2013WL 120245, at *2 (N.D. Ill. 2013) (quoting *In re Sulfuric Acid*, 231 F.R.D. 331, 332 (N.D. Ill. 2005)). As discussed above, Plaintiff has not shown good cause for extending the discovery deadline or excusable neglect for waiting over a month after the close of discovery to seek court assistance to remedy these discovery issues. Nor has Plaintiff offered "'a reasonable and persuasive justification for [the motion's] untimeliness.'" *Weisser*, 2014 WL 585406, at *2 (quoting *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, No. 05 C 6022, 2007 WL 1673563, at *3 (N.D. Ill. June 8, 2007)). Again, after a careful review of the briefs, the Court finds that the additional information Plaintiff now seeks through the Motion to Compel is based either on knowledge that Plaintiff had from the beginning of the litigation, was known to Plaintiff through prior discovery responses of Defendant, or was known to Plaintiff at least over a week before the close of discovery through deposition testimony. Accordingly, the Court denies the Motion to Compel as untimely.

# CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Vacate Order Terminating Magistrate Referral and Request to Re-Open Discovery [DE 27] and **DENIES** Plaintiff's Motion to Compel Complete Responses to Oral and Written Discovery [DE 25].

The Court **DIRECTS** the Clerk of Court to **RESTORE** the referral to Magistrate Judge Cherry in this matter.

The Court **ORDERS** that the discovery deadline is extended to **December 18, 2015**, solely for the purpose of (1) Plaintiff taking the depositions of Margaret Johnson and Thomas Skrowronski and (2) Plaintiff taking a Rule 30(b)(6) deposition on the limited topics of the Merrillville store or corporate policies prohibiting discrimination or harassment, dissemination of or training on such policies, or corporate record keeping practices relating to such policies.

The Court *sua sponte* **SETS** the dispositive motion deadline for **January 22, 2016**.

So ORDERED this 20th day of November, 2015.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT