# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| TILLIE A. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      No. 2:14 CV 123 |
| | ) |
| CRACKER BARREL OLD COUNTRY | ) |
| STORE, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on the motion of defendant Cracker Barrel Old

Country Store, Inc. ("Cracker Barrel") for summary judgment on all claims raised by

plaintiff Tillie A. Smith. (DE # 55.) For the reasons set forth below, the motion is

granted, in part, and denied, in part.

## I.      BACKGROUND

Plaintiff, a white female, began working as server at Cracker Barrel's Merrillville

location in 2011. (DE # 56-4, Pl. Dep. 35.) By July of 2012, plaintiff had at least one

disciplinary infraction on her employment record for speaking disrespectfully to a

supervisor, which was labeled as a "Final Written" counseling report. (DE # 56-2 at 6.)

On July 7, 2012, a confrontation ensued between plaintiff and another server, an

African-American male named Jared Baity. According to plaintiff, Baity blew on her

neck and into her ear, and she responded by moving her hand in that direction, making

contact with Baity's face. (DE # 56-4 at 38.) In a written statement following the incident,

she described her action as a "slap" (*id.*), though she later testified that she moved her

hand to her ear because she thought that the ceiling was blowing down. (DE # 56-4, Pl. Dep. 71.) According to plaintiff, later that shift, Baity commented that her breasts were large and made sucking noises. (DE # 56-4 at 38.) A few minutes later, Baity came up behind plaintiff, said "'excuse me' as he put his hand on my right hip then slid his hand on to my butt to the point of sliding my body to the left." (*Id.*) Plaintiff asserted that Baity had touched her "privates." (*Id.* at 40.) At her deposition, she stated that Baity's hand was "right up to my vagina." (DE # 56-4, Pl. Dep. 74.)

Plaintiff attested that she "might have said a cuss word" in response to Baity's conduct. (DE # 56-4, Pl. Dep. 82.) She further stated that she told Baity: "I bet if I was Paul [plaintiff's boyfriend] you wouldn't be touching me like that, and how would you like it if Paul came up here and touched you like that." (*Id.*, Pl. Dep. 87.) According to Baity, plaintiff said "fu** [sic] you Jared" and called him a "faggit [sic]," loud enough for guests to hear. (DE # 56-2 at 16.) Baity further claimed that plaintiff said that "Paul going to come up here and whoop my ass." (*Id.* at 17.)

Plaintiff claims that she immediately reported the incident to Associate Manager Ken Janda. (DE # 56-4, Pl. Dep. 90-91.) She also claims that she reported Baity's actions to General Manager Hans Oskam, who told her that Baity "is just friendly," but that he planned to "open an investigation." (*Id.*, Pl. Dep. 105-06.) Ultimately, Oksam concluded that plaintiff had slapped Baity and that both employees contributed to the confrontation, but he could not determine whether any inappropriate touching had occurred. (DE # 56-2 at 3-4.) Ultimately, both plaintiff and Baity were fired. (*Id.* at 4.)

Plaintiff's' termination sheet provided the following rationale for her firing: "You behaved inappropriately regarding the situation [with Baity]. Your [sic] are already on a final written warning for hospitality 1st, and you admitted to hitting another employee. You threatened him, and also used profanity on the wait aisle." (DE # 56-2 at 27.)

Plaintiff sued under Title VII of the Civil Rights Act of 1964 for sexual harassment, sex discrimination, race discrimination, and retaliatory discharge, plus the state law torts of wrongful termination in violation of public policy and negligent supervision. (DE # 1.) Cracker Barrel has moved for summary judgment on all claims. (DE # 55.) Plaintiff concedes that summary judgment is appropriate on her wrongful termination claim, but insists that genuine issues of material fact exist as to the remainder of her claims.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving

party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

## III.  DISCUSSION

The court begins with plaintiff's race discrimination claim, which plaintiff addressed with only a few sentences in her response brief. Under the familiar burden-shifting framework initially set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), it is first plaintiff's burden to establish a prima facie case of intentional racial

discrimination. To do this, a plaintiff must provide evidence that: (1) she is a member of a protected class; (2) she was meeting his employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) other similarly-situated employees outside of the protected class were treated more favorably. *Huang v. Cont'l Cas. Co.,* 754 F.3d 447, 450 (7th Cir. 2014). However, plaintiff has not set forth sufficient evidence to establish the fourth element. Both plaintiff and Baity were terminated, and though plaintiff has pointed to one race-related remark by a Cracker Barrel employee (specifically, that Cracker Barrel was afraid to fire Baity because Baity would "throw the race card"), the statement is inadmissible hearsay and the declarant was not a decision-maker so the statement has virtually no relevance.

Even assuming plaintiff could establish a prima facie case regarding race discrimination, Cracker Barrel has articulated a legitimate, non-discriminatory reason for firing plaintiff by pointing to her prior warning and her behavior in the midst of the conflict with Baity (i.e., hitting, threatening, and using profanity), so the burden shifts yet again to plaintiff, who must present evidence that this reason is pretext for unlawful racial discrimination. *Cung Hnin v. TOA (USA), LLC,* 751 F.3d 499, 504 (7th Cir. 2014). This, plaintiff has not done. Plaintiff claims that black employees were not disciplined as harshly as white employees, but this assertion is not borne out by the evidence. Accordingly, summary judgment is appropriate on plaintiff's claim for racial discrimination.

However, genuine issues of material fact exist with regard to plaintiff's claims for sexual harassment, sex discrimination, retaliation, and negligent supervision. These claims must be evaluated by a fact-finder, and cannot be resolved at the summary judgment stage. Fed. R. Civ. P. 56. Accordingly, Cracker Barrel's motion for summary judgment is denied as to these claims.

IV.    **CONCLUSION**

For the foregoing reasons, Cracker Barrel's motion for summary judgment (DE # 55) is **GRANTED, in part, and DENIED, in part**. The parties are **ORDERED** to file a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by October 5, 2017. A trial date will be set under separate order.

**SO ORDERED.**

Date: September 22, 2017

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT